## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

MAHER SERVICES, INC.,

     Plaintiff,

     v.

SUBSURFACE TECHNOLOGIES, INC.,

Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

---

### COMPLAINT FOR DECLARATORY JUDGMENT OF
### PATENT INVALIDITY AND NON-INFRINGEMENT

     Plaintiff Maher Services, Inc. ("Maher"), by and through its undersigned counsel, complains and alleges against Subsurface Technologies, Inc. ("STI") as follows:

### INTRODUCTION

     1.    This is an action for declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.  Maher seeks a declaration that Maher does not infringe U.S. Patent Nos. 5,394,942 (the '942 patent") (annexed hereto as **Exhibit** A) and 7,270,179 (the '179 patent") (annexed hereto as **Exhibit** B), that the '942 patent has expired and is unenforceable, and that the '179 patent is invalid.  This action arises out of an allegation by STI that Maher infringes one or more claims of each of the '942 and '179 patents and is based on the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

### PARTIES

     2.    Maher is a Massachusetts corporation with its principal place of business at 71 Concord Street, North Reading, MA 01864.

3.      On information and belief, Defendant STI is a New York corporation, with its principal place of business at 40 Stone Castle Road, Rock Tavern, Orange County, New York, 12575.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367.

5.      This Court has personal jurisdiction over STI.

6.      Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district. Venue in this Court is thus proper under 28 U.S.C. § 1391. Venue is further proper under 28 U.S.C. § 1400(b).

## FACTS

7.      Maher was established and incorporated in Massachusetts on April 14, 2008. Maher was formed as a new corporation, and is not a successor to any prior companies. Maher provides well, pump and drilling services in New England.

8.      On information and belief, STI provides well and pump services.

9.      On information and belief, STI is the assignee of U.S. Trademark Registration No. 1,667,061 (the "'061 Registration"). The U.S. Trademark Registration issued as Reg. No. 1,667,061 is for the design mark illustrated below, not for the standard character mark AQUA FREED:



10.     On or about February 1, 2010, Maher and STI executed a Technology Transfer and Licensing Agreement (the "Agreement") (annexed hereto as Exhibit C).

11.     In the Agreement, STI purports to license to Maher "certain proprietary information, patents, trade secrets, trademarks, trade names and other information… to be identified as precisely as possible by [STI] (exhibit 'A') (sic)…"  The Patents are defined as U.S. Patent Nos. 5,394,942 and 7,270,179.

12.     No "exhibit 'A'" was attached to the Agreement, and STI never provided Maher with any information that it identified as proprietary or confidential.

13.     The technology at issue in the Agreement generally concerns the cleaning and rejuvenation of wells by injecting either gaseous or liquid carbon dioxide into the well to dislodge deposits that had formed on the well surfaces.

14.     The Agreement expressly requires STI to take all actions necessary to, *inter alia*, obtain a renewal of the '942 and '179 patents.

15.     In the Agreement, STI warranted that "said Technology is described in and covered by the [942 and '179] Patents."

16.     The Agreement requires Maher to "never communicate or divulge any confidential information to any party, other than [STI], or use any confidential information either for the benefit of itself or the benefit of any person, firm, partnership, corporation or other entity, other than [STI], for any reason or purpose."  "Confidential Information" is

limited to certain defined classes of information which STI delivers to Maher and which is not (a) generally known to the public; (b) actually known to Maher before being delivered by STI; or (c) acquired in good faith by Maher from a third party who is not under an obligation of confidentiality to STI.

17.     The Agreement is to be construed according with the laws of the State of New York.

18.     The Agreement requires "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall, be settled by arbitration, in accordance with the rules of the Judicial and Mediation Service (JAMS) at Goshen, New York, and judgment upon the award may be entered in Orange County Superior Court.  In the event a controversy or claim is brought to mediation or arbitration the prevailing party shall be entitled to recover attorney's fees and reasonable costs."

19.     The Agreement further states "[i]f either party hereto brings an action to enforce the terms hereof or declare rights hereunder, the prevailing party (if any is so determined) in any such action, on trial or appeal,, shall be entitled to its reasonable costs and attorney's fees to be paid by the non-prevailing party."

20.     The term of the Agreement was one year, with Maher having the option to renew the license for an additional year by payment of another $10,000 on or before the anniversary date of the Agreement.

21.     The Agreement contains no language indicating that any terms of the Agreement survive the expiration of the Agreement.

22.     In consideration for the license, and specifically in consideration for the license to the '942 patent, Maher agreed to pay, and actually did pay, $10,000, as well as a

2503265.1

10% royalty on gross revenues earned through use of the licensed technology.

23.    Maher declined to renew the contract at the end of the first year it was in effect.  The contract expired on February 1, 2011.

24.    Since the expiration of the Agreement, Maher has not misused the term "Aqua Freed" and has not used the stylized mark covered by the '061 Registration.

25.    On May 1, 2015, Maher was served with a Demand for Arbitration ("Demand") (a copy of which is annexed hereto as Exhibit D).  The Demand, which has been given JAMS Case Number 1425018588, alleges that Maher is using STI's proprietary system protected under the '942 and '179 patents, along with a trademark registered to STI as Registration No. 1,667,061.  The Demand admits that Maher never renewed the Agreement.  The Demand further makes factual allegations concerning a 1996 agreement between a company called D. L. Maher Co. and Aqua-Freed, Inc. ("Aqua Freed").

26.    Maher is not legally related to D. L. Maher Co., and is not a signatory to a 1996 agreement between Aqua-Freed, Inc. and D. L. Maher Co.

27.    The Demand acknowledges that D.L. Maher Co. was sold in 2002 and was dissolved as a corporation in 2003, some five years prior to the formation of Maher.

28.    The Demand alleges that Maher breached the Agreement and advances a number of legal theories by which it asserts that it is entitled to damages against Maher in the amount of $5,000,000, as well as injunctive relief.

## FIRST CLAIM FOR RELIEF
### DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 5,394,942

29.    Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

30.    An actual and justiciable controversy requiring declaratory relief exists

between Maher and STI regarding the enforceability of the '942 patent.

31.     The '942 patent issued on March 7, 1995.  Pursuant to 37 C.F.R. 1.362, the four-year maintenance fee was due no later than March 8, 1999, and the eight-year maintenance fee was due no later than March 7, 2003.

32.     On information and belief, the '942 patent was assigned from the inventors to Aqua Freed of New York, Inc., on December 30 1993.  STI has alleged in the Demand that STI was formed on December 24, 1998 as the successor to Aqua Freed of New York, Inc., which means that STI was the owner of the '942 patent prior to the final date by which the four-year maintenance fee was due.

33.     The 4-year maintenance fee was not paid.

34.     On January 3, 2002, STI petitioned the United States Patent and Trademark Office ("PTO") to accept late payment of the four-year maintenance fee.  On information and belief, STI was the entity which petitioned the PTO to accept late payment of the four-year maintenance fee.  On February 21, 2002, the PTO denied this petition and determined that the '942 patent had expired.  On information and belief, STI received, either directly or through counsel, the denial of this petition and was aware that the '942 patent had lapsed no later than February 2002.

35.     At all times the Agreement was in effect, the '942 patent was unenforceable due to its having expired.

36.     Maher hereby seeks a declaration that the claims of the '942 patent have been unenforceable since February 21, 2002.

**SECOND CLAIM FOR RELIEF**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,394,942**

37.     Maher hereby incorporates by reference and realleges each and every allegation

of the preceding paragraphs.

38.     An actual and justiciable controversy requiring declaratory relief exists between Maher and STI regarding infringement of the '942 patent.

39.     Maher has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '942 patent, either literally or under the doctrine of equivalents.

40.      Maher hereby seeks a declaration that it does not infringe the '942 patent or contribute to or induce infringement by others.

### THIRD CLAIM FOR RELIEF
### DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,270,179

41.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

42.     An actual and justiciable controversy requiring declaratory relief exists between Maher and STI regarding infringement of the '179 patent.

43.     Maher has not infringed and does not infringe directly, jointly, contributorily, or by inducement any valid and enforceable claim of the '179 patent, either literally or under the doctrine of equivalents.

44.     Maher hereby seeks a declaration that it does not infringe the '179 patent or contribute to or induce infringement by others.

### FOURTH CLAIM FOR RELIEF
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,270,179

45.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

46.     An actual and justiciable controversy requiring declaratory relief exists

between Maher and STI regarding the validity of the '179 patent.

47.     The claims of the '179 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation, §§ 101, 102, 103 and/or 112.

48.     Maher hereby seeks a declaration that the claims of the '179 patent are invalid.

## FIFTH CLAIM FOR RELIEF
## DECLARATION OF NON-INFRINGEMENT OF U.S. TRADEMARK REGISTRATION NO. 1,667,061

49.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

50.     An actual and justiciable controversy requiring declaratory relief exists between Maher and STI regarding the infringement of the '061 Registration.

51.     To the extent that Maher ever used the mark registered in the '061 Registration during the period of February 1, 2010 through February 1, 2011, Maher's use was licensed under the Agreement.

52.     Maher has not infringed and does not infringe the '061 Registration prior to February 1, 2010 or subsequent to February 1, 2011.

53.     Maher hereby seeks a declaration that it has not infringed the '061 Registration.

## SIXTH CLAIM FOR RELIEF
## FRAUD IN THE INDUCEMENT

54.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

55.     In negotiating the Agreement with Maher, STI knowingly misrepresented that the '942 patent was in full force and effect, to induce Maher in to executing the Agreement.

56.     This misrepresentation induced Maher to enter the Agreement with STI.

57.     Maher's reliance on STI's representation was reasonable and justified.

58.     Maher was injured as a result of STI's fraudulent misrepresentation and demands rescission of the Agreement along with monetary damages.

## SEVENTH CLAIM FOR RELIEF
## DECLARATION THAT THE AGREEMENT HAS TERMINATED AND IS UNENFORCEABLE

59.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

60.     An actual and justiciable controversy requiring declaratory relief exists between Maher and STI regarding the enforceability of the Agreement.

61.     The Agreement was terminated in February 2011. No terms continue to be in effect because the Agreement has no survival clause.

62.     Maher hereby seeks a declaration that the Agreement, including the requirement for arbitration, is no longer enforceable.

## EIGHTH CLAIM FOR RELIEF
## BREACH OF CONTRACT

63.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

64.     STI entered into the Agreement with Maher, under which STI was obligated to "do any and all things that may be necessary to obtain… renewal" of the '942 patent. STI also warranted that the technology that was the subject of the Agreement was "described in and covered by" the '942 and '179 patents.

65.     Maher performed all of its obligations under the Agreement.

66.     STI breached the Agreement by failing to maintain the '942 patent.

67.     Maher suffered damage as a result of this breach.

68.     Maher demands rescission of the Agreement and monetary damages.

## NINTH CLAIM FOR RELIEF
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

69.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

70.     STI was subject to a duty of good faith and fair dealing in negotiating and entering into the Agreement with Maher.

71.     STI breached this duty by failing to inform Maher that the '942 patent had expired.  STI's breach of this duty deprived Maher the right to exclusivity in the '942 patent in the New England region that Maher was to receive under the Agreement.

72.     Maher demands rescission of the Agreement and monetary damages.

## TENTH CLAIM FOR RELIEF
## FRAUDULENT MISREPRESENTATION

73.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

74.     In negotiating the Agreement with Maher, STI knowingly misrepresented that the '942 patent was in full force and effect, to induce Maher in to executing the Agreement.

75.     This misrepresentation induced Maher to enter the Agreement with STI.

76.     Maher's reliance on STI's representation was reasonable and justified.

77.     Maher was injured as a result of STI's fraudulent misrepresentation and demands rescission of the Agreement along with monetary damages.

## ELEVENTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

78.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

79.     In negotiating the Agreement with Maher, STI knowingly misrepresented that the '942 patent was in full force and effect, to induce Maher into executing the Agreement.

80.     STI profited from its misrepresentation to the full amount that Maher paid in

compliance with the Agreement.

81.     Equity and good conscience require STI pay Maher restitution.

## TWELFTH CLAIM FOR RELIEF
### PATENT MISUSE

82.     Maher hereby incorporates by reference and realleges each and every allegation of the preceding paragraphs.

83.     In negotiating the Agreement with Maher, STI knowingly misrepresented that the '942 patent was in full force and effect, to induce Maher into executing the Agreement.

84.     STI improperly tied the license of the lapsed '942 patent to a license to the '179 patent, which did not otherwise interest Maher.

85.     STI's improper tying of the '179 patent to a patent that STI knew to have lapsed constitutes patent misuse.

86.     STI further improperly tied transfer of so-called "proprietary" information to the lasped '942 patent, requiring Maher to pay for such proprietary information despite its having been dedicated to the public upon the expiration of the '942 patent.

87.     Maher demands rescission of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Maher prays for an order entering judgment as follows:

A.     A declaration that the '942 patent is expired and unenforceable;

B.     A declaration that the '942 patent is not and has not been infringed by Maher;

C.     A declaration that the '179 patent is not and has not been infringed by Maher;

D.     A declaration that the '179 patent is invalid;

E.     A declaration that the '061 Registration is not and has not been infringed

by Maher;

F.    Rescission of the Agreement;

G.    An order that STI return to Maher all monies paid out to STI by Maher in

compliance with the Agreement;

H.    Monetary damages;

I.    A declaration that the Agreement has terminated and that no terms of the

Agreement remain in effect;

J.    An order that the arbitration given JAMS Case Number 1425018588, be

terminated without a finding, or if a finding has been made, that such finding be vacated;

K.    Awarding to Maher of its costs in this matter;

L.    Awarding Maher of its attorneys' fees pursuant to 35 U.S.C. § 285 and

in equity; and

M.    Awarding any other relief as the Court deems just and proper.

## JURY DEMAND

Maher demands a trial by jury on all issues so triable.


Respectfully submitted,

MAHER SERVICES, INC.

By its Attorneys,


/s/    Thomas P. McNulty
Ann Lamport Hammitte (BBO# 553,263)
Thomas P. McNulty (BBO#. 654,564 )
LANDO & ANASTASI, LLP
One Main Street
Cambridge, Massachusetts 02142
Telephone:    (617) 395-7000
Date:  July 13, 2015          Facsimile:    (617) 395-7070
emailservice@lalaw.com
ahammitte@lalaw.com
tmcnulty@lalaw.com

2503265.1